IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH R. KARSNER, IV<br>2294 Lighthouse Lane<br>Connolly Springs, North Carolina 28612<br><br>    Petitioner<br><br>v.<br><br>JOHN CATALANO<br>1349 Becket Road<br>Eldersburg, Maryland 21704<br><br><u>Serve on</u>:<br><br>William B. Young, Jr., Esq.<br>Colling, Gilbert, Wright & Carter<br>2301 Maitland Center Parkway, Suite 240<br>Maitland, Florida 32751<br><br>and<br><br>THE NATIONAL ASSOCIATION OF<br>SECURITIES DEALERS<br>2nd Floor<br>9509 Key West Avenue<br>Rockville, Maryland 20850<br><br>    Respondents | NASD Case No.: 04-05933<br><br>Civil Action No.: 1:07-CV-00507 |

## AMENDED PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Joseph R. Karsner, IV ("Petitioner") by undersigned counsel hereby submits the following Amended Petition to Confirm Arbitration Award and states as follows:

1. Counsel for Respondent Catalano has agreed to accept service for him and *does not* oppose this Amended Petition.

1

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 because it involves a controversy between citizens of different states and the amount in controversy exceeds $75,000. *See* Exhibit 1.

3. The instant matter was originally a private arbitration action initiated by Respondent John Catalano against the Petitioner with the National Association of Securities Dealers ("NASD") in the District of Columbia. The action had the NASD Case Number 04-05933.

4. The action was scheduled for an arbitration but was resolved prior to the arbitration.

5. After resolution of the case, the parties submitted a Stipulated Award to the NASD's own three-member arbitration panel overseeing this action.

6. At the end of March of 2006, the NASD's own three-member arbitration panel executed the Stipulated Award, thereby granting all of the relief set forth therein, including an order of expungement. (*See* Stipulated Award at page 2, attached hereto as Exhibit 1.)

7. At present, no party or third party to the action has sought to modify or vacate this Stipulated Award.

8. Under NASD Rule 10330, any Stipulated Award "may be entered as a judgment in any court of competent jurisdiction." (*See* NASD Rule 10330.)

9. Section 9 of the Federal Arbitration Act, 9 USC §9, gives this Court the authority to confirm the Stipulated Award entered in this action and which is attached hereto.

10. The confirmation of an already-entered Stipulated Award is perfunctory, a summary proceeding that merely makes what is already a final arbitration award a judgment of

2

the court. *See Barbier v. Shearson Lehman Hutton, Inc.*, 752 F.Supp. 151, 159 (S.D.N.Y. 1990) (citing *Florasynth, Inc. v. Pockholz*, 750 F.2d 171 (2d Cir. 1984)).

11.     Indeed, the ability of a court to do anything other than confirm a Stipulated Award is strictly curtailed so as not to frustrate the reason for arbitration, namely the disposition of cases quickly and efficiently. *See Barbier*, at 159.

12.     In this case, all of the conditions precedent for a confirmation of the attached Stipulated Award are present.

13.     Both parties to this case agreed with all of the relief set forth in the Stipulated Award and the NASD's own three-member arbitration panel executed the Stipulated Award and agreed to all of the relief set forth therein.

14.     Further, no party moved to modify or vacate the attached Stipulated Award within the three month time period set forth in 9 U.S.C. §12.

15.     In light of the above, Petitioner requests that this Court confirm the attached Stipulated Award and direct an entry of judgment confirming same.

WHEREFORE, Petitioner requests that this Court confirm the attached Stipulated Award and direct an entry of judgment confirming same.

Respectfully submitted,

*/s/ Jeffrey J. Hines*

Jeffrey J. Hines, Esq. (#406090)
George S. Mahaffey Jr., Esq. (#MD15083)
Christopher Corchiarino, Esq.
Goodell, DeVries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, MD 21202

3

(410) 783-4993
(410) 783-4040

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th of March 2007, a copy of the foregoing was sent via first class mail to the following:

Terri L. Reicher, Esq.
NASD Registration and Disclosure Department
2nd Floor
9509 Key West Avenue
Rockville, Maryland 20850
*Counsel for the Respondent NASD*


William B. Young, Jr., Esq.
Colling, Gilbert, Wright & Carter
2301 Maitland Center Parkway, Suite 240
Maitland, Florida 32751
*Counsel for the Respondent Catalano*

George S. Mahaffey Jr.

**839978**

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH R. KARSNER, IV<br>2294 Lighthouse Lane<br>Connolly Springs, North Carolina 28612<br><br>    Petitioner<br><br>v.<br><br>JOHN CATALANO<br>1349 Becket Road<br>Eldersburg, Maryland 21704<br><br><u>Serve on</u>:<br><br>William B. Young, Jr., Esq.<br>Colling, Gilbert, Wright & Carter<br>2301 Maitland Center Parkway, Suite 240<br>Maitland, Florida 32751<br><br>and<br><br>THE NATIONAL ASSOCIATION OF<br>SECURITIES DEALERS<br>2nd Floor<br>9509 Key West Avenue<br>Rockville, Maryland 20850<br><br>    Respondents | NASD Case No.:  04-05933<br><br>Civil Action No.: |

## ORDER

Having considered Petitioner's Amended Petition to Confirm Arbitration Award and after considering the record as a whole, it is this _____ day of _____ 2007, hereby:

**ORDERED** that Petitioner's Amended Petition to Confirm Arbitration Award shall be and is **GRANTED** and that the Stipulated Award entered in the NASD action styled *Catalano v. Legacy et al.*, NASD No.: 04-05933 is confirmed thereby granting all relief set forth in the Stipulated Award.

5

                                                                           _____
                                                                           Judge, United States District Court for the
                                                                           District of Columbia

Copies to:

George S. Mahaffey Jr., Esq.
Jeffrey J. Hines, Esq.
Christopher Corchiarino, Esq.
Goodell, DeVries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, MD 21202
*Counsel for Petitioner*

Terri L. Reicher, Esq.
NASD Registration and Disclosure Department
2nd Floor
9509 Key West Avenue
Rockville, Maryland 20850
*Counsel for the Respondent NASD*

William B. Young, Jr., Esq.
Colling, Gilbert, Wright & Carter
2301 Maitland Center Parkway, Suite 240
Maitland, Florida 32751
*Counsel for the Respondent Catalano*

## Stipulated Award
### NASD Dispute Resolution

In the Matter of the Arbitration Between:

Name of the Claimant  
Joseph Catalano

Case Number: 04-05933

Names of the Respondents  
Legacy Financial Services Inc.  
Joseph R. Karsner, IV

Hearing Site: Washington, D.C.

Nature of the Dispute: Customer vs. Member and Associated Person

### REPRESENTATION OF PARTIES

Claimant Joseph Catalano, hereinafter collectively referred to as "Claimant", was represented by William B. Young, Esq., Hooper & Weiss, LLC, Orlando, Florida.

Respondents Joseph R. Karsner, IV "Karsner" and Legacy Financial Services, Inc. "Legacy Financial", hereinafter collectively referred to as "Respondents", were represented by Jeffrey J. Hines, Esq., Christopher M. Corchiarino, Esq., and George S. Mahaffey Jr. Esq., Goodell, Devries, Leech & Dann, LLP, Baltimore, Maryland.

### CASE INFORMATION

Statement of Claim filed on August 1, 2004.  
Claimant signed the Uniform Submission Agreement on August 1, 2004.  
Motion to File an Amended Statement of Claim filed by Claimant on March 29, 2005.  
Statement of Answer filed by Respondents on November 8, 2004.  
Respondent Karsner signed the Uniform Submission Agreement on October 11, 2004.  
Motion to Dismiss filed by Respondents as their Response to Amended Statement of Claim on April 14, 2005.

### CASE SUMMARY

Claimant asserted the following causes of action, among others: negligence; breach of contract; breach of fiduciary duty; *respondeat superior*; violation of NASD Conduct Rule 2110; failure to supervise; unsuitability; fraudulent inducement; and common law fraud. The causes of action relate to the purchase and sale of various mutual funds.

Unless specifically admitted in their Answer, Respondents denied the allegations made in the Statement of Claim and asserted the following defenses, among others: failure to state a claim upon which relief may be granted; assumption of the risk; contributory negligence; waiver; estoppel; failure to mitigate; and claims are barred by the applicable statutes of limitation.

EXHIBIT 1

## RELIEF REQUESTED

Claimant in his Statement of Claim requested:

| | |
|---|---|
| Compensatory Damages | $ 134,000.00 |
| Punitive Damages | amount unspecified |
| Interest | amount unspecified |
| Attorneys' Fees | amount unspecified |
| Other Costs | amount unspecified |

Respondents in their Statement of Answer requested that the Statement of Claim and Amended Statement of Claim be dismissed in their entirety, that the Arbitration Panel (the "Panel") award them attorney's fees and costs, and that all references to this arbitration be expunged from Respondent Karsner's record maintained by NASD Central Registration Depository ("CRD")..

## OTHER ISSUES CONSIDERED AND DECIDED

The Panel granted Claimant's Motion for Leave to File Amended Statement of Claim.
The Panel denied Respondents' Motion to Dismiss the Amended Statement of Claim.

The parties advised that on or about January 31, 2006, they entered into an agreement to settle this matter on certain terms and conditions set forth in a confidential settlement agreement.

The parties agreed that the Respondents are not liable for the counts listed in the Statement of Claim and Amended Statement of Claim, that the investments at issue were suitable, and that the Stipulated Award for this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

The parties entered into an agreement to present to the Panel a Stipulated Award. Upon motion of both parties for a Stipulated Award and Claimant's agreement, as a result of information and documents obtained during the discovery process, that all investments at issue were suitable and that the Respondents are not liable for any of the counts in the Statement of Claim and Amended Statement of Claim, the Panel finds that the claims, allegations, and information contained in the Amended Statement of Claim and Statement of Claim are clearly erroneous and that Respondents were not involved in the alleged investment-related sales practice violations, and hereby grant the parties' motion and enters this award granting the following relief:

1. Pursuant to the confidential settlement agreement reached between all parties, all claims against Respondent Legacy Financial and Respondent Karsner are dismissed with prejudice;

2. The Panel recommends the expungement of all reference to the above captioned arbitration from Respondent Karsner's registration records maintained by the Central

Registration Depository ("CRD"), with the understanding that pursuant to NASD Notice to Members 04-16, Respondent Karsner must obtain confirmation from a court of competent jurisdiction before the CRD will execute the expungement directive. Unless specifically waived in writing by the NASD, parties seeking judicial confirmation of an arbitration award containing expungement relief must name NASD as an additional party and serve NASD with all appropriate documents. Pursuant to Rule 2130, the arbitration panel has made the following affirmative findings of fact: the claim, allegation, or information is clearly erroneous and Respondents were not involved in the alleged investment-related sales practices violations;

3. The parties shall bear their respective costs, including attorneys' fees, except as Fees are specifically addressed below; and

4. Any and all relief not specifically addressed herein, including punitive damages, is denied in its entirety.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:
| | |
|---|---|
| Initial claim filing fee | = $ 300.00 |

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated person(s) at the time of the events giving rise to the dispute. Accordingly, Respondent Legacy Financial is a party.

| | |
|---|---|
| Member surcharge | = $ 1,700.00 |
| Pre-hearing process fee | = $ 750.00 |
| Hearing process fee | = $ 2,750.00 |
| Total Member Fees | = $ 5,200.00 |

### Forum Fees and Assessments
The Panel has assessed forum fees for each session conducted. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Fees associated with these proceedings are:

| | |
|---|---|
| One (1) Pre-hearing session with Panel @ $ 1,125.00 | = $ 1,125.00 |
| Pre-hearing conference: March 18, 2005    1 session | |
| Total Forum Fees | = $ 1,125.00 |

1. The Panel has assessed $ 562.50 of the forum fees to Claimant.
2. The Panel has assessed $ 562.50 of the forum fees jointly and severally to Respondents.

NASD Dispute Resolution
Arbitration No. 04-05933
Stipulated Award Page 4

## FEE SUMMARY

1. Claimant is assessed and shall pay the following fees:

   | | |
   |---|---|
   | Initial Filing Fee | = $ 300.00 |
   | Forum Fees | = $ 562.50 |
   | Total Fees | = $ 862.50 |
   | Less payments | = $ 1,425.00 |
   | Refund Due Claimant | = $ 562.50 |

2. Respondent Legacy Financial is assessed and shall pay the following fees:

   | | |
   |---|---|
   | Member Fees | = $ 5,200.00 |
   | Total Fees | = $ 5,200.00 |
   | Less payments | = $ 5,200.00 |
   | Balance Due NASD Dispute Resolution | = $ 0.00 |

3. Respondents are jointly and severally assessed and shall pay the following fees:

   | | |
   |---|---|
   | Forum Fees | = $ 562.50 |
   | Total Fees | = $ 562.50 |
   | Less payments | = $ 0.00 |
   | Balance Due NASD Dispute Resolution | = $ 562.50 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Wayne J. Thaemert | - | Public Arbitrator, Presiding Chairperson |
| Timothy M. Monahan, Esq. | - | Public Arbitrator, Panelist |
| Patricia M. Maher | - | Non-Public Arbitrator, Panelist |

NASD Dispute Resolution
Arbitration No. 04-05933
Stipulated Award Page 5

### Concurring Arbitrators' Signatures

*[signed] Timothy M. Monahan*
Timothy M. Monahan, Esq.
Public Arbitrator, Presiding Chairperson

*March 13, 2006*
Signature Date

_____
Patricia M. Maher.
Public Arbitrator, Panelist

_____
Signature Date

_____
Wayne J. Thaemert
Non-Public Arbitrator, Panelist

_____
Signature Date

*3/24/06*
Date of Service (For NASD Dispute Resolution office use only)

Arbitration No. 04-05933
Stipulated Award Page 5

## Concurring Arbitrators' Signatures

_____                              _____
Timothy M. Monahan, Esq.                                  Signature Date
Public Arbitrator, Presiding Chairperson


_____                              _____
Patricia M. Maher.                                        Signature Date
Public Arbitrator, Panelist


*/s/ Wayne J. Thaemert*                                   *3/18/06*
_____                              _____
Wayne J. Thaemert                                         Signature Date
Non-Public Arbitrator, Panelist


_____
Date of Service (For NASD Dispute Resolution office use only)

NASD Dispute ~~~~~
Arbitration No. 04-05933
Stipulated Award Page 5

Concurring Arbitrators' Signatures

_____     _____
Wayne J. Thaemert                Signature Date
Public Arbitrator, Presiding Chairperson

_____     _____
Timothy M. Monahan, Esq.         Signature Date
Public Arbitrator, Panelist

*[signed] Patricia M Maher*       **3/24/06**
Patricia M. Maher                Signature Date
Non-Public Arbitrator, Panelist

_____
Date of Service (For NASD Dispute Resolution office use only)