## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSEPH R. KARSNER, IV

     Petitioner

v.

JOHN CATALANO, ET AL.

     Respondents

NASD Case No.:   04-05933

Civil Action No.:   1:07-CV-00507

## SUPPLEMENT IN SUPPORT OF THE AMENDED PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Joseph R. Karsner, IV ("Petitioner") by undersigned counsel hereby submits the following Supplement in Support of the Amended Petition to Confirm Arbitration Award and states as follows:

1.     On March 16, 2007 Petitioner filed the initial Petition to Confirm the Arbitration Award.

2.     On March 26, 2007, Petitioner filed an Amended Petition to Confirm the Arbitration Award.

3.     On March 30, 2007, the Maryland Securities Commissioner filed, *inter alia*, a Motion to Intervene in this case which Petitioner filed an Opposition to on April 11, 2007.[1]

4.     In addition to this case, Petitioner also filed a nearly identical Petition to Confirm the Arbitration Award in the matter styled *Joseph Karsner v. Pamela Lothian, et al.*, Civil Action No.: 1:07-CV-00334 (RJL).[2]

---

[1] The Securities Commissioner filed a Reply/Response in Support of her Motion to Intervene on April 20, 2007.

[2] In both cases the NASD reviewed the pertinent documents and chose not to oppose Petitioner's Petition to Confirm the Arbitration Awards.

5.    In the *Lothian* matter, the Securities Commissioner filed the same papers as she has filed in this case, and made the same arguments as to why the Arbitration Award should not be confirmed.

6.    Indeed, the Securities Commissioner's April 20, 2007 Reply/Response in this case is nearly identical to a Motion for Reconsideration filed by the Securities Commissioner in the *Lothian* case on April 19, 2007. (*See* Securities Commissioner's Mot. for Reconsideration in *Lothian*, attached hereto as Exhibit 1.)

7.    The reason that the Securities Commissioner filed a Motion for Reconsideration is that in the *Lothian* case, Judge Leon rejected the Commissioner's arguments against confirmation. In point of fact, Judge Leon rejected in *Lothian* the very same arguments that the Securities Commissioner is making in this case.

8.    On April 12, 2007, Judge Leon granted Petitioner's Amended Petition to Confirm the Arbitration Award and denied the Securities Commissioner's Motion for Reconsideration on April 27, 2007. (*See* Orders attached hereto as Exhibit 2.)

9.    Petitioner respectfully submits that the rulings in the *Lothian* case demonstrate that the Securities Commissioner's arguments in this case are without merit and should be rejected.

Respectfully submitted,

Jeffrey J. Hines, Esq. (#406090)
George S. Mahaffey Jr., Esq. (#MD15083)
Christopher Corchiarino, Esq.
Goodell, DeVries, Leech & Dann, L.L.P.
One South Street, 20th Floor
Baltimore, MD 21202

2

(410) 783-4993
(410) 783-4040

*Attorneys for Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___1st___ of May 2007, a copy of the foregoing was

filed with service being provided by the Court's ECF system on the following:

Terri L. Reicher, Esq.
NASD Registration and Disclosure Department
2nd Floor
9509 Key West Avenue
Rockville, Maryland 20850
*Counsel for the Respondent NASD*

William B. Young, Jr., Esq.
Colling, Gilbert, Wright & Carter
2301 Maitland Center Parkway, Suite 240
Maitland, Florida 32751
*Counsel for the Respondent Catalano*

George S. Mahaffey Jr.

**853265**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | | |
|---|---|---|
| JOSEPH R. KARSNER, IV, | * | |
| Petitioner, | * | |
| | * | Civil Action No.: 1:07-cv-00334-RJL |
| v. | * | |
| PAMELA LOTHIAN and THE NATIONAL ASSOCIATION OF SECURITIES DEALERS, | * | |
| | * | |
| Respondents. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MARYLAND SECURITIES COMMISSIONER'S
MOTION TO RECONSIDER

The Maryland Securities Commissioner, Melanie Senter Lubin, by and through undersigned counsel asks the Court to reconsider its Order dated April 9, 2007, in which it denied the Maryland Securities Commissioner's Motion to Intervene in this case.[1]  As reasons for this request, the Securities Commissioner states:[2]

### Procedural Background

1.    On February 12, 2007, Petitioner initiated this proceeding by filing a petition to confirm a stipulated arbitration award entered in or about February 2006, naming as Respondents Pamela Lothian, the complainant in the arbitration proceeding, and the National

---

[1]    The New York Attorney General's motion to intervene for purposes of opposing a request for expungement of CRD records was recently granted by the State of New York Supreme Court, County of Erie, in the matter of Parker et al. v. Salzberg et al., Case No. I-2007-01942.

[2]    Because the Order does not state the grounds on which the Securities Commissioner's Motion to Intervene was denied, each argument set forth in Petitioner's opposition to the Motion to Intervene is addressed.

**EXHIBIT**

1

Association of Securities Dealers ("NASD").[3]

2.      On or about March 20, 2007, the Securities Commissioner filed a Motion to

Intervene in this case for the limited purposes of opposing the portion of the arbitration panel's

award *recommending* expungement of the arbitration from Petitioner's registration and

disciplinary records.

3.      On April 2, 2007, Petitioner filed its opposition to the Securities Commissioner's

Motion to Intervene[4] ("Opposition Brief") setting forth three grounds for opposing the Securities

Commissioner's Motion:

  a.      The motion to intervene is futile in that the Securities Commissioner's

          Motion in Opposition to Confirmation of the Arbitration Award

          ("Opposition Motion") is barred by the statute of limitations under §12 of

          the Federal Arbitration Act ("FAA").  9 U.S.C. §12.

  b.      The motion to intervene is futile in that the Securities Commissioner's

          Opposition Motion does not adequately allege grounds for judicial review

          of an arbitration award.

  c.      The motion to intervene was untimely filed.

---

[3]     The stipulated award presented to the arbitration panel was the result of a negotiated
settlement between the complainant and Petitioner whereby, in connection with a payment of
$47,000 to the complainant, the complainant recanted the allegations set forth in her statement of
claim.

[4]     Although Petitioner's opposition was filed on April 2, 2007, it was not served on the
Securities Commissioner until April 13, 2007, after this Court's order.

Arguments Responsive to Petitioner's Opposition Brief

I.    The FAA is not controlling in the Court's review of the arbitration's panel recommendation of expungement.

Petitioner's argument that the Securities Commissioner's Motion to Intervene should be denied because her Opposition Motion is barred by the statute of limitations presupposes that the FAA governs the Court's review of the arbitration panel's recommendation of expungement. However, the Court's review is not controlled by the FAA.

The arbitration panel's award consists of two forms of relief: (a) the panel, based upon the confidential settlement agreement reached by the parties, dismissed with prejudice all claims against Respondent; and (b) the panel "recommended" the expungement of all reference to the arbitration from Petitioner's CRD record. The former represents a final order or award binding upon all parties to the arbitration. The latter is merely a recommendation and not a final order or award of expungement in any way binding on the parties or the Court.[5]

The arbitration panel's recommendation should not be treated as the equivalent of an award of expungement. If the arbitration panel intended to award expungement of records, it very well could have done so by explicitly ordering or awarding expungement of the arbitration from Petitioner's CRD records.[6] The mere recommendation of expungement does not qualify as

---

[5]    Specifically, the stipulated award stated that "[t]he Panel recommends the expungement of all reference to the above-captioned arbitration from Respondent Karsner's registration record maintained by the NASD Central Registration Depository. . .".

[6]    In describing the circumstances under which the NASD will expunge customer dispute information from the CRD system under NASD Rule 2130, the NASD in Notice to Members 04-16 states the following: "If the parties settle the arbitration, they may jointly ask the arbitration panel for a stipulated award and request that the panel make affirmative findings and order expungement based on one or more of the standards in Rule 2130." The arbitration panel in this case did not "order" expungement but simply "recommended" expungement.

- 3 -

a final award under the FAA and, therefore, is not ripe for confirmation under §9 of the FAA. By recommending, rather than awarding, expungement of the arbitration from Petitioner's records, the arbitration panel deferred to the Court's determination of whether expungement is appropriate in this case. Consequently, the Securities Commissioner is not seeking either to confirm or modify a final award, but to oppose a request for expungement recommended by the arbitration panel.

The language of the FAA makes it clear that the statute is not intended to apply to the circumstances here. §§9 - 11 of the FAA explicitly refer to the <u>parties</u> to the arbitration proceeding and the <u>parties'</u> right to seek judicial confirmation, vacation or modification of an arbitration award.[7] In the context of these sections, the references to "adverse party" in §12 of the FAA strongly implies that it applies only to parties to the underlying arbitration proceeding.[8]

---

[7]     §9 of the FAA, in part, provides:

"If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . <u>any party to the arbitration</u> may apply to the court so specified for an order confirming the award." 9 U.S.C. §9.

§10 of the FAA, in part, provides:

"In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of <u>any party to the arbitration</u>– . . ." 9 U.S.C. §10.

§11 of the FAA, in part, provides:

"In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of <u>any party to the arbitration</u>– . . ."

[8]     §12 of the FAA, in part, provides:

Further, the 90-day statute of limitations under §12 of the FAA should not apply in this

situation where the Securities Commissioner was not a party to the underlying arbitration, and

the petition to confirm the arbitration panel's recommendation of expungement was filed more

than 90 days after the award was entered.[9] Because she was not a party to the underlying

arbitration proceeding, the Securities Commissioner did not know, and had no reason to know, of

the arbitration panel's expungement recommendation until Petitioner filed this proceeding, nearly

a year after the recommendation was entered.  Simply put, the Securities Commissioner was not

put on notice that her property rights to Petitioner's CRD records were at risk of being

detrimentally affected and, thus, could not have intervened within the 90-day time period

applicable to parties to the arbitration.  §12 of the FAA should not be interpreted in such a way

that it denies to non-parties the right to protect their interests under these circumstances.

The Securities Commissioner seeks to intervene to set forth the reasons why

expungement is not appropriate.

**II.    If the Court determines that the FAA governs its review of the arbitration panel's
recommendation of expungement, the Securities Commissioner sufficiently set forth
the appropriate grounds for judicial review.**

Even if the Court determines that the FAA is controlling, the Securities Commissioner

sufficiently set forth a non-statutory ground for opposing the confirmation of the arbitrators'

recommendation of expungement, and therefore the statute of limitations set forth under §12 of

the FAA is inapplicable.  *See* 94 AMJUR TRIALS 211 §30, Non-statutory vacatur or

---

"Notice of a motion to vacate, modify, or correct an award must be served upon the
adverse party or his attorney within three months after the award is filed or delivered."

[9]    The arbitration panel's award was entered in or about February 2006.  Petitioner initiated
this proceeding to confirm the arbitration panel's award on February 12, 2007.

clarification. ("A party may challenge an arbitration award under a contract that is subject to the FAA and may base vacatur on common law or other judicial-recognized bases. These include an attack on an award for such reasons as the award is irrational, arbitrary and capricious; or is in manifest disregard of the law; or the relief contravenes public policy; or there is no contract to arbitrate. These are all challenges that do not rely on the FAA and, thus, are not bound by the FAA limitations period.")

As the Petitioner pointed out in his Opposition Brief, judicial review is limited to consideration of: (a) the enumerated reasons in the FAA, 9 U.S.C. §10; (b) when the award is contrary to some explicit, well-defined, and dominant public policy; (c) and when the award is "in manifest disregard of the law." *Sapiro v. Verisign*, 310 F. Supp. 2d 208, 215 (D.D.C. 2004).

The Petitioner is correct that the Securities Commissioner does not assert as a basis for judicial review any of the statutory grounds under §10(a) of the FAA because those grounds can be raised only "upon the application of any party to the arbitration." 9 U.S.C. §10.

The Securities Commissioner has already established, in her motions to intervene and to oppose petitioner's request for confirmation of arbitration award, that the relief requested by Petitioner is contrary to an explicit, well-defined, and dominant public policy.

The Securities Commissioner has previously described how Petitioner's use of the expungement process undermines the purpose of maintaining accurate and complete CRD records. Petitioner has 32 customer complaints and/or arbitrations on his CRD record. The majority of those complaints and/or arbitrations have been settled with a total payout to investors of approximately $1.1 million. Petitioner is now engaged in a systematic scheme to expunge those records from his CRD record by entering into negotiated settlements with complainants

- 6 -

whereby Petitioner agrees to pay compensation to the complainants in exchange for the complainants' agreement to a stipulated award recommending expungement of the underlying facts of the complaint and/or arbitration. Petitioner already has filed petitions with this Court to confirm three such requests for expungement and, upon information and belief, is in the process of seeking expungements for a significant number of other complaints and/or arbitrations. Petitioner should not be allowed to cleanse his record by simply making payments to complainants.

In fact, in its Notice to Members 04-43 issued in June 2004, the NASD recognized that the expungement process was being abused, and cautioned its members and associated persons against entering into bargained-for settlements involving the submission by a complainant of an affidavit absolving the respondent of any alleged wrongdoing:

> NASD has recently become aware of instances in which claimants and respondents appear to be settling customer claims for monetary compensation to the claimant in return (at least in part) for a customer affidavit that absolves one or more of respondents of responsibility for any alleged wrongdoing. These affidavits, attested to in connection with settlements that often are incorporated into stipulated awards, appear to be inconsistent on their face with the initial claim and terms of the settlement.

> NASD cautions its members and their associated persons that when they submit affidavits in which the content is the product of a bargained-for consideration as opposed to the truth, members and/or their associated persons subject themselves to a panoply of applicable sanctions, including possible disciplinary action for violation of NASD Rules, including Rule 2110, and other penalties, including possible criminal sanctions.

NASD NTM 04-43 (June 2004).

Additionally, the fundamental purpose behind federal and state securities acts, including the Maryland Securities Act, is investor protection. *See* <u>SEC v. Life Partners, Inc.</u>, 87 F.3d 536,

550, pet. for reh. denied, 102 F.3d 587 (D.C. Cir. 1996) (Wahl, J., dissenting) ("The Court has

remarked that 'the design of the[se] statute[s] is to protect investors . . .' "); *see also,* Gilbert v.

Meason, 137 Ga.App. 1, 3 (Ga. Ct. App. 1975) ("State security laws are expression by General

Assembly of statutory policy affording broad protection to investors . . ."). In fact, the Securities

Commissioner is statutorily obligated to carry out her duties with a primary objective of investor

protection. *See* Md. Code Ann., Corps. and Ass'ns., §11-203 (requires the Securities

Commissioner to adopt only those rules that are necessary or appropriate in the public interest or

for the protection of investors.).

   An important tool in carrying out the Securities Commissioner's investor protection

responsibilities is the record-keeping maintained on CRD to ensure that the investing public has

access to information that is material to its selection of securities professionals handling its

investment funds. *See* SEC v. Life Partners, Inc., 87 F.3d 536, 550 (Wahl, J., dissenting) (The

third and final principle is that the securities laws, and in particular the Securities Act of 1933

and the Securities Exchange Act of 1934 which are the statutes at issue here, embody the belief

that information is the most important form of investor protection. The Court has remarked that

'the design of the[se] statute[s] is to protect investors by promoting full disclosure of information

thought necessary to informed investment decisions,' and it has used this concern for ensuring

adequate access to information to guide its application of the Acts."); *see also,* Capital Gains

Research Bureau, 375 U.S. 180, at 186 (S.Ct. 1963) ("[a] fundamental purpose, common to [the

securities laws], was to substitute a philosophy of full disclosure for the philosophy of caveat

emptor"). That information includes the disciplinary history of those professionals. The same

information is used by the Securities Commissioner in her decision of whether to deny the

- 8 -

application of, or revoke the license of, a securities professional based upon her determination that the professional's actions pose a harm to the investing public.

The expungement of the facts of the arbitration from Petitioner's CRD records, as well as the other arbitrations that Petitioner is attempting to expunge, will have a detrimental effect on the investor protection public policy behind the Maryland Securities Act.

**III.    The Securities Commissioner's Motion to Intervene is timely.**

Petitioner's argument that the Securities Commissioner's Motion to Intervene is untimely rests primarily on the assertion that the motion to intervene is futile, because the underlying Opposition Motion is barred by the statute of limitations and fails to raise a recognized ground for judicial review. For the reasons set forth above, however, the Opposition Motion is not barred by the statute of limitations and the Securities Commissioner has sufficiently asserted a legitimate non-statutory basis for judicial review; therefore, Petitioner's argument for untimeliness fails.

Petitioner also argues that the Securities Commissioner has made a bare assertion that she has a property interest in records maintained by the NASD that the arbitration award recommends be expunged, and that she has not demonstrated that she meets the Rule 24 requirement that her claimed interest will be affected by the action.

The Securities Commissioner has demonstrated both her property interests in Petitioner's CRD records and the manner in which her interests will be impaired by the Court's grant of expungement.

In her Motion to Intervene, the Securities Commissioner established that her property interest in the CRD records of Petitioner originates from two sources: the Maryland Securities

Act and the contract entered into between NASAA, on behalf of the state jurisdictions, and the

NASD.

     Although the State of Maryland is not a party to the contract between NASAA and the

NASD, it is a third party beneficiary and, as such, its property rights to the information contained

in the CRD system has been recognized under the NASAA/NASD contract:

> The data on CRD Uniform Forms filed with the CRD shall be deemed to have been
> filed with each CRD State in which the applicant seeks to be licensed and with the
> NASD and shall be the joint property of the applicant, NASD, and those CRD States
> (and, in the case of Forms BD and BDW, the Securities and Exchange Commission).
> The compilation constituting the CRD database as a whole shall be the property of
> NASD.[10]

*See* Paragraph 3(e) of the CRD Agreement Amendment, dated December 13, 1996, attached as

Exhibit 2.

     The Securities Commissioner also demonstrated that her property interests in

Petitioner's CRD records are statutorily based.  Under Maryland law, prior to conducting

securities business in Maryland, an individual is required to register with the Maryland Securities

Division as an agent by filing a Form U4 through the CRD system.  *Id.*, §§11-401 and 11-405.

The information contained in an individual applicant's Form U4, which includes customer

complaints and arbitrations, is used by the Securities Commissioner in deciding whether to

register that individual to transact business in Maryland.  If that individual's agent registration is

approved, that individual is under a continuing obligation to keep current the information

contained on the individual's Form U4. §11-411.

---

[10]   A "CRD State" is defined at section 2.07 of the CRD Agreement as a U.S. state, territory
or possession, or the District of Columbia or Puerto Rico, or Mexico, or a province or territory of
Canada that elects to implement its Licensing function through the CRD. . ."  *See* pages 1 and 4
of CRD Agreement, dated January 1993, attached as Exhibit 1.

Under Maryland's public records laws, the Securities Commissioner, as the principal executive of the Maryland Securities Division, is the "official custodian" of the Securities Division's records and, as such, is responsible for keeping the records of the Division and for making those records available to the general public. Md. Code Ann., State Gov't, §§ 10-611 and 10-612; Md. Code Ann., Corps. and Ass'ns, §11-201. Those records include the information contained in Petitioner's CRD records.

The Securities Commissioner has sufficiently established that her property interests in Petitioner's CRD records will be adversely affected without her input if she is not allowed to intervene in the case. The Securities Commissioner was not a party to the underlying arbitration and was not able to protect her property interests in Petitioner's CRD records at the arbitration level. Yet the parties to the arbitration through their stipulated award, and the arbitrators through their recommendation of expungement, are attempting to detrimentally affect the Securities Commissioner's interests in those records that are required by law to be maintained by the Securities Commissioner.

WHEREFORE, the Securities Commissioner requests that the Court grant this motion to reconsider and vacate the Order entered April 9, 2007. A proposed Order is attached. Alternatively, the Securities Commissioner requests that a hearing be scheduled in this matter.

Respectfully submitted,

DOUGLAS F. GANSLER
ATTORNEY GENERAL of MARYLAND

- 11 -

_____/s/_____

Kelvin M. Blake
Assistant Attorney General
Division of Securities
200 St. Paul Place, 25th Floor
Baltimore, MD 21202
410/576-7783


_____/s/_____

Lucy A. Cardwell
Assistant Attorney General
Division of Securities
200 St. Paul Place, 25th Floor
Baltimore, MD 21202
410/576-6337

April 19, 2007

FILED

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

APR 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOSEPH R. KARSNER, IV
2294 Lighthouse Lane
Connolly Springs, North Carolina 28612

      Petitioner

v.

PAMELA LOTHIAN
10875 Campaign Court
Manassas, Virginia 20109

and

THE NATIONAL ASSOCIATION OF
SECURITIES DEALERS
2nd Floor
9509 Key West Avenue
Rockville, Maryland 20850

      Respondents

NASD Case No.:  04-007347

Civil Action No.:  1:07-CV-00334 RJL

### ORDER

Having considered Petitioner's Amended Petition to Confirm Arbitration Award and after

considering the record as a whole, it is this _11th_ day of _April_ 2007, hereby:

    **ORDERED** that Petitioner's Amended Petition to Confirm Arbitration Award shall be

and is **GRANTED** and that the Stipulated Award entered in the NASD action styled *Lothian v.*

*Legacy et al.*, NASD No.: 04-007347 is confirmed thereby granting all relief set forth in the

Stipulated Award.

_____
Judge, United States District Court for the
District of Columbia

5

EXHIBIT
2